## ADOLPH JOHNSON v. ARTHUR F. PHAEFFLIN

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 83237

Memorandum filed November 3, 1948.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Plaintiff.

*Edward S. Pomeranz,* of Hartford, for the Defendant.

INGLIS, J. This is an appeal by the employer from an award of workmen's compensation for both total incapacity and permanent partial disability.

The essential facts relating to the employment and the injury are undisputed. The injury occurred on March 30, 1945. At that time the respondent was regularly employed by the Connecticut Power Company and habitually worked the full time of a forty-four hour week for that company. Adolph Johnson was the tree warden for Thomaston and on four or five occasions prior to March 30, 1945, he had hired the claimant for work after hours or on days when he was not working for the power company to climb trees and work on them. On that day Johnson

hired the claimant to do such work. The commissioner justifiably refused to find that that particular contract of employment called for a payment of $15 for the day's work, as claimed by the employer. He did find that with reference to preceding days of employment the amount of pay depended on the type of job and the hours worked. On said March 30, 1945, "the claimant sustained an accidental injury arising out of and in the course of his employlment by the respondent employer when he fell from a tree on High Street in Thomaston."

On these facts the commissioner concluded that the employment of March 30, 1945, was a new employment, that the claimant had not been employed for the two-week period prior thereto and that therefore his weekly wage was to be considered as equal to the average weekly wage prevailing in the same or similar employment in the same locality at the time of the injury. As to that the commissioner was correct. General Statutes, § 5238; *Mazzi* v. *Smedley Co.*, 95 Conn. 607. The commissioner then found and concluded upon the evidence that such prevailing wage was $47.50 per week. This finding was based on the testimony of a tree surgeon, which was to the effect that that was the rate paid tree climbers who were employed upon a full-time basis. The reasons of appeal are in the main directed against that finding and conclusion.

The question to be decided is whether under the statute the prevailing wage paid for full-time workers is the proper basis upon which to rest a finding as to the prevailing wage for occasional and part-time workers who are doing the same kind of work.

The case of *Mazzi* v. *Smedley Co.*, supra, which is the only case cited by the claimant, goes no further than to hold that under conditions of employment such as those involved here the prevailing wage is to be the test rather than the employee's actual wage. It does not determine the method by which the prevailing wage is to be arrived at. It does point out, page 613, that compensation under our law is to be measured not by the entire earnings of the employee for a given period but only by the earnings from the employer in whose service the workman is injured. That is, if the claimant here had worked for this employer under a continuing employment for only one day a week during the preceding two or three weeks and had actually received pay for that employment at the rate of $15 per day, his average weekly wage for the purposes of fixing compensation

would have been only $15 per week. It hardly seems to be in accord with the intent of the law, therefore, that, because in this case the claimant had not worked one day a week for two or more weeks rather than only on the day of his injury, his compensation should be figured on the basis of what men engaged in similar work would get by way of wages for a five-day week.

The answer to the present question is to be found in the distinction made in *Olivieri* v. *Bridgeport,* 126 Conn. 265. The court there points out, page 279, that the question is not what is the prevailing wage for similar work. It is rather what is the prevailing wage for similar employment. The word "employment" connotes not only the nature of work for which a man is hired but also, and more particularly, the terms of his hiring. If he is hired for one day in any given week his employment is not the same as that of a man who is hired for a full week even though the nature of the work to be done is the same.

With that distinction in mind, it is clear that the commissioner in this case did not use the correct criterion to determine the claimant's average weekly wage. The criterion he used was the prevailing wage of men doing similar work rather than the prevailing wage of men similarly employed. He should have determined what the prevailing wage was for employees engaged for one day a week to do similar work. For this reason his award may not stand.

Because the commissioner has made no finding as to what the prevailing wage was for a man employed part time in his spare time for one day a week, it is impossible to correct the award in this court.

Judgment may enter sustaining the appeal and recommitting the case to the commissioner for a rehearing and to enter an award in accordance with law.